UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JUN -2 PM 1:35

CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 5:17-cr-63-1 |
| | ) |
| ADAM JANKOWSKI, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING
REPORT AND RECOMMENDATION**
(Docs. 81, 108)

The Report and Recommendation of the United States Magistrate Judge ("R & R") was issued April 28, 2022. (Doc. 108.) No objections having been filed, after careful review of the file and the R & R, this court ADOPTS the recommendations in full for the reasons stated in the R & R. Defendant Adam Jankowski's motion to set aside, vacate, or correct sentence under § 2255 (Doc. 81) is DENIED.

## Analysis

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

Defendant Jankowski, representing himself, has filed a motion under 28 U.S.C. § 2255 to vacate, correct, or set aside the sentence imposed in 2018 as a result of his plea of guilty to one count of conspiracy to distribute 100 grams or more of heroin. (Doc. 81.) Defendant is "entitled to a liberal construction of [his] pleadings, which should be read to raise the strongest arguments that they suggest." *Diaz v. United States*, 633 F. App'x 551, 555 (2d Cir. 2015) (internal

quotation marks omitted). His sentence includes a 92-month term of imprisonment to be served concurrently with a pending state sentence, followed by a four-year term of supervised release. Jankowski's § 2255 motion challenges his sentence because a prior state conviction was vacated after his federal sentencing[1] and because 17 months of pretrial time spent in primary state custody was not credited toward his federal sentence. (*Id.* at 4, 12.) In connection with these primary claims, he raises ineffective assistance of counsel claims against both his district court and appellate attorneys. He requests that the court adjust his criminal history category to account for the vacated conviction and resentence him in accordance with the adjusted Guidelines range and further requests that the court take into consideration the 17 months he was in custody prior to his federal sentencing. (*Id.* at 12.)

In his R & R, Magistrate Judge Kevin Doyle recommended that the court find Defendant has failed to meet the demanding standard to disturb a federal sentence under § 2255. First, the vacatur of the underlying conviction does not render his sentence unlawful unless he can show his "sentence amounts to a 'miscarriage of justice[.]'" (Doc. 108 at 9 (quoting *United States v. Hoskins*, 905 F.3d 97, 103 (2d Cir. 2018)).) In this case, because Defendant's sentence of 92 months would still be within the lower half of the revised Guidelines range of 84–105 months' imprisonment, Jankowski has not shown his sentence constitutes a fundamental miscarriage of justice. *See id.* at 10.

---

[1] Jankowski's federal sentence was determined in part based on a criminal history score that included the now-vacated state conviction. The sentence, at the time it was imposed, "was not error—constitutional, legal, or jurisdictional." *United States v. Hoskins*, 905 F.3d 97, 103 (2d Cir. 2018). Even where a predicate conviction is later vacated, resentencing is not required where the sentence imposed "falls comfortably within" the new Guidelines range calculated without the conviction. *See United States v. Harris*, No. 2:12-cr-65, 2020 WL 9218959, at *6 (D. Vt. Nov. 3, 2020) (declining to resentence based on later vacatur of state conviction), *report and recommendation adopted*, 2021 WL 1516049 (D. Vt. Apr. 16, 2021).

Second, Defendant Jankowski's claims of ineffective assistance of counsel with regard to the 17 months he spent in state custody prior to his federal sentencing fail because he has not shown that either his district court or appellate attorneys' performance was objectively unreasonable. With regard to his district court counsel, Federal Public Defender Elizabeth Quinn promptly informed Defendant Jankowski of her misunderstanding of his pretrial status and subsequently "addressed the issue at length in her sentencing memo and in her colloquy with the Court at the sentencing hearing."[2] (Doc. 108 at 12–13.) With regard to his appellate counsel, Attorney Roland Acevedo concluded Defendant "did not have any meritorious, non-frivolous issues that would warrant the granting of relief on appeal." (*Id.* at 16 (internal quotation marks omitted).) Specifically, he noted that the court declined to reduce Defendant Jankowski's sentence by the 17 months he spent in state custody and concluded that "a challenge to the sentence exposed Jankowski to the risk of a higher sentence on remand." (*Id.*) Accordingly, Attorney Acevedo moved for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), which the Second Circuit granted. *See* Doc. 83. Because he failed to show either attorney's performance was objectively unreasonable, or that their performance prejudiced his case, Defendant Jankowski's ineffective assistance of counsel claims fail.

For the reasons explained above, the court accepts and adopts the Magistrate Judge's recommendations. Furthermore, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), the court declines to hold a hearing on Defendant Jankowski's § 2255 motion.

---

[2] Defendant Jankowski's claim is further undermined by his admissions in his plea agreement and at his change of plea hearing that any erroneous estimate by his attorney would not provide grounds for post conviction relief because the sentence imposed by the court could be different from any estimate Attorney Quinn, or anyone else, may have provided. *See* Doc. 108 at 13.

3

## CONCLUSION

After careful review of the file and the Report and Recommendation, this court ADOPTS Magistrate Judge Doyle's April 28, 2022 R & R (Doc. 108). Defendant Jankowski's motion to vacate, amend, or correct his sentence under § 2255 (Doc. 81) is DENIED. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

Dated at Rutland, in the District of Vermont, this 2 day of June 2022.

Geoffrey W. Crawford, Chief Judge
United States District Court